UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THE UNITED STATES OF AMERICA

                                     **Hon. Hugh B. Scott**

                                     12CR53S

                 v.

                                     **Decision**
                                       **&**
                                     **Order**

Carlo J. Marinello, II,

                    Defendant.
_____

Before the Court is the defendant's omnibus motion seeking various pretrial relief (Docket No. 8).

**Background**

In an indictment dated February 14, 2012, a Grand Jury for the Western District of New York issued an indictment charging defendant, Carlo J. Marinello, II ("Marinello") with obstructing and impeding the due administration of the Internal Revenue Laws in violation of 26 U.S.C. §7212(a)[Count 1]; four counts of failing to file an individual tax return in violation of 26 U.S.C. §7203 [Counts 2, 4, 6, and 8]; and four counts of failing to file a corporate tax return in violation of 26 U.S.C. §7203 [Counts 3,5,7 and 9]. (Docket No. 1).

**Discovery**

The defendant's motion papers list various items of pretrial discovery sought under Rule 16 of the Federal Rules of Criminal Procedure, as well as various provisions of the Federal Rules of Evidence. The government has represented that it has complied with its discovery obligations. During oral argument, the parties acknowledged that there are no outstanding discovery issues at this time.

**Brady & Jencks Material**

The defendant seeks the disclosure of all potentially exculpatory materials, including information to be used for the impeachment of the government's witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963) and its progeny.  The defendant also requests disclosure of material under the Jencks Act, 18 U.S.C. §3500.  Brady material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment.  Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching ... [and] [a]ny and all records and information revealing prior misconduct ... attributed to the [government's] witness." U.S. v. Kiszewski, 877 F.2d 210 (2d Cir. 1989).  The defendant also seeks disclosure of the statements of witnesses under the Jencks Act (15 U.S.C. §3500).

The government has acknowledged its obligations under Brady and Giglio v. United States, 405 U.S. 150 (1972), and states that it will produce Brady and Jencks material in accordance with the schedule set by the District Court prior to trial in this case.

Neither the Supreme Court, nor the Second Circuit[1], have ruled directly on whether there is a meaningful distinction between "exculpatory Brady" and "impeachment Brady" materials for purposes relating to the time within which such information must be disclosed. Several other courts have discussed the issue at hand, which often arises in the context of a potential, if not inherent conflict between the government's obligations to disclose under Brady, and the governments right to delay disclosure of certain information pursuant to the Jencks Act. Those cases suggest that the court has some discretion with respect to directing the timing of such disclosure. U.S. v. Campagnuolo, 592 F.2d 852 (5th Cir. 1979)(the Court interpreted Brady to require disclosure "at the appropriate" time, which often is prior to trial); U.S. v. Perez, 870 F.2d 1222 (7th Cir. 1989)(the government's delay in disclosing Brady material violates due process only if the delay prevented the defendant from receiving a fair trial); U.S. v. Ziperstein, 601 F.2d 281 (7th Cir. 1979)(a defendant receives a fair trial, notwithstanding delayed disclosure of Brady material, as long as disclosure is made before it is too late for the defendant to make use of any benefits of the evidence). But see U.S. V. Wilson, 565 F.Supp 1416 (S.D.N.Y. 1983) (impeachment material need not be produced prior to trial); U.S. Biaggi, 675 F.Supp 790 (S.D.N.Y. 1987)(information bearing on a witness' credibility may be turned over at the same time as [Jencks Act] materials); U.S. V. Feldman, 731 F.Supp 1189 (S.D.N.Y. 1990)(it is sufficient for the government to disclose Brady impeachment materials along with [Jencks Act] materials).

The Jencks Act relates only to "statements" made by government witnesses. Such

---

[1] In a footnote in its opinion in Lucas v. Regan, 503 F.2d 1, 3 n.1 (1974), the Second Circuit stated that "[n]either Brady nor any other case we know of requires that disclosures under Brady be made before trial."


statements may include inconsistencies which make them useful for impeachment purposes, and thus, subject them to disclosure under Brady principles.  To this extent, it has been suggested that the constitutional requirements underlying Brady could act to modify the Jencks Act. U.S. v. Campagnuolo, 592 F.2d 852, 860 (5th Cir. 1979). But see U.S. v. Presser, 844 F.2d 1275 (6th Cir. 1988)(the government may not be compelled to pretrial disclosure of Brady or Jencks material).  The record in this case does not reflect whether any of the materials withheld by the government may be considered both Brady and Jencks material.  Certainly "impeachment Brady" material may include several items which are not considered "statements" under the Jencks Act.

This Court believes that fundamental fairness and the constitutional due process requirements which underlie Brady mandate that the court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined Brady/Jencks material. Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, ... sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial ... so that those abhorrent lengthy pauses at trial to examine documents can be avoided." U.S. v. Percevault, 490 F.2d 126 (2d Cir. 1974);  U.S. V. Green, 144 F.R.D. 631 (W.D.N.Y. 1992).

In the instant case, and while balancing all of the above, the Court concludes that disclosure of such inculpatory and impeachment material, if any exists,  in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for the defendants to have a fair opportunity to utilize the information at trial) is sufficient.

**Rule 404**

The defendant also seeks information under Rules 404 of the Federal Rules of Evidence.

Federal Rule of Evidence 404(b) governs requests for disclosure of all evidence of prior bad acts that the government intends to use in its case-in-chief.  Rule 404 requires that the defendants be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to use at trial."  The government's response to the instant motion contains information relating to this request. The government represents that the information provided is the only information responsive to this request. (Docket No. 9 at page 5).

**Rule 12 Request**

Pursuant to Rule 12, the defendant requests that the government give notice of its intention to use at trial any evidence which is discoverable under Rule 16 which may be subject to a motion to suppress. (Docket No. 8 at page 3). The government has represented that it has complied with this request. (Docket No. 9 at page 4).

**Preservation of Evidence and Rough Notes**

The defendant has requested the preservation of rough notes and other evidence taken by law enforcement agents involved.  The government is directed to preserve such information.

**Conclusion**

The omnibus motion (Docket No.  8) is granted in part and denied in part consistent with

the above.

      So Ordered.

*/s/ Hugh B. Scott*
United States Magistrate Judge
Western District of New York

Buffalo, New York
July 6, 2012