UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.                                    **DECISION AND ORDER**
                                               12-CR-53S

CARLO J. MARINELLO, II,

                            Defendant.

      1.      On August 12, 2014, a jury convicted Defendant Carlo J. Marinello, II, of one count (Count 1) of obstructing and impeding the due administration of the Internal Revenue laws, in violation of 26 U.S.C. § 7212 (a), (2) four counts (Counts 2, 4, 6, 8) of failing to file individual tax returns, in violation of 26 U.S.C. § 7203, and (3) four counts (Counts 3, 5, 7, 9) of failing to file corporate tax returns, in violation of 26 U.S.C. § 7203. (Docket Nos. 81, 87.) On July 1, 2015, this Court sentenced Defendant to, inter alia, three years of imprisonment on Count 1 and one year of imprisonment each on Counts 2-9, all to run concurrently. (Docket No. 124.)

      2.      On July 6, 2015, Defendant filed a Notice of Appeal.[1] (Docket No. 125.) On July 14, 2015, Defendant filed the instant Motion for Stay of Sentence, pursuant to 18 U.S.C. § 3143 (b) and Rule 38 of the Federal Rules of Civil Procedure. (Docket No. 129.) Alternatively, Defendant requests a stay of his August 19, 2015 surrender date to allow him to appeal to the Second Circuit Court of Appeals under Rule 9(b) of the Federal Rules of Appellate Procedure. (Docket No. 137.) For the following reasons, Defendant's motion is denied in its entirety.

      3.      Eighteen U.S.C. § 3143 (b)(1) permits continued release of an individual who

---

[1] Defendant filed a second Notice of Appeal on July 28, 2015, after this Court filed an amended judgment to correct a typographical error in the original. (Docket Nos. 130, 133.)

has been found guilty of an offense, has been sentenced to a term of imprisonment, and who has filed an appeal, if the court finds that (1) clear and convincing evidence establishes that the individual is not likely to flee or pose a danger to the safety of others in the community if released, and (2) the appeal being taken is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal of the conviction, an order for a new trial, a sentence that does not include imprisonment, or a reduced sentence of imprisonment less than the total of time already served, plus the expected duration of the appeal process.  18 U.S.C. § 3143(b)(1).  If continued release is permitted, the sentence of imprisonment must be stayed.  Fed. R. Crim. P. 38 (b)(1).

4. On the first prong, the government does not challenge Defendant's assertion that he is not a danger to the community or a flight risk, and this Court finds that he is neither.

5. As to the second prong, this Court finds that Defendant's appeal fails to raise substantial questions of fact or law.  To determine whether an appeal raises a "substantial question," courts look to whether the issue is "one of more substance than would be necessary to a finding that [the appeal] was not frivolous.  It is a close question or one that very well could be decided the other way." United States v. Randell, 761 F.2d 122, 125 (2d Cir. 1985).

6. This Court already considered and rejected the arguments that Defendant now maintains raise substantial questions of fact or law when it denied his post-trial motions. (Docket No. 121.)  In this Court's view, Defendant's arguments concerning whether his conduct violates 26 U.S.C. § 7212(a) and whether it was necessary for the government to prove that he knew of the IRS investigation against him do not raise close

questions to meet the standard for continued release pending appeal and a stay of sentence. In other words, they do not raise substantial questions of law or fact likely to result in reversal of the conviction or an order for a new trial. 18 U.S.C. § 3143(b)(1). Defendant's claims of error regarding his sentence and desire to remain at liberty to meet with newly retained appellate counsel similarly do not meet the standard.

7.  Accordingly, for these reasons, this Court finds that Defendant has not made the requisite showing under 18 U.S.C. § 3143(b) for continued release pending appeal or a stay of sentence. Defendant has also not demonstrated that a stay of his surrender date is necessary to appeal to the Second Circuit under Rule 9 (b). Consequently, Defendant's motion is denied in its entirety.

IT HEREBY IS ORDERED, that Defendant's Motion for Stay of Sentence (Docket No. 129) is DENIED.

FURTHER, that Defendant shall surrender as directed by the United States Marshals Service to commence service of his sentence.

SO ORDERED.


Dated: August 5, 2015
       Buffalo, New York

                                              /s/William M. Skretny
                                              WILLIAM M. SKRETNY
                                              United States District Judge